IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **COTTRELL, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 13 CV 1161** |
| | ) | |
| **J. NIGEL ELLIS, DYNAMIC SCIENTIFIC** | ) | **Judge John Z. Lee** |
| **CONTROLS, INC., ELLIS LADDER** | ) | |
| **IMPROVEMENTS, INC., and ELLIS** | ) | |
| **LITIGATION SUPPORT SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cottrell, Inc. ("Cottrell") sued J. Nigel Ellis, Dynamic Scientific Controls, Inc., Ellis Ladder Improvements, Inc., and Ellis Litigation Support Services (collectively "Defendants") under breach of contract and tort theories. Plaintiff alleges it entered into a contract with Defendants for Defendants to provide Plaintiff with engineering safety design services, and Defendants breached the contract and other duties owed to Plaintiff by relaying confidential information about Plaintiff to third parties who were adverse to Plaintiff's interests. Defendants moved to dismiss Plaintiff's claims for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative, Defendants ask this Court to transfer this case to the Southern District of Illinois pursuant to 28 U.S.C. § 1406(a) or dismiss Plaintiff's claims pursuant to Rule 12(b)(6). For the reasons stated herein, the Court grants Defendants' motion to dismiss for improper venue [23].

## Procedural History

Cottrell first filed suit against Defendants in Madison County, Illinois Circuit Court on August 28, 2012, stating "[v]enue is proper in Madison County pursuant to 735 ILCS 5/2-101, inasmuch as the actions giving rise to these claims occurred in cases pending in Madison County,

1

Illinois." (Mot. Dismiss, Ex. A, Compl. ¶ 7.) Defendants removed the case to the Southern District of Illinois, and Cottrell filed an Amended Complaint alleging "[v]enue is proper in the Southern District of Illinois, as a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred[.]" (Mot. Dismiss, Ex. B, Am. Compl. ¶ 7.) Cottrell voluntarily dismissed its claims in the Southern District of Illinois on January 28, 2013, and it re-filed the instant case in the Northern District of Illinois on February 12, 2013. Cottrell's complaint filed in this District states "[v]enue is proper in the Northern District of Illinois, as a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred[.]" (Compl. ¶ 7.)

## Facts

The following facts are taken from Plaintiff's Complaint and are accepted as true for purposes of resolving this motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Plaintiff Cottrell, a Georgia corporation with its principal place of business in Georgia, manufactures and sells auto transport trailers. (Comp. ¶ 1.) Defendant J. Nigel Ellis ("Ellis"), a safety engineer, is a citizen of Delaware and the sole shareholder and owner of Dynamic Scientific Controls, Inc., Ellis Ladder Improvements, Inc., and Ellis Litigation Support Services. (*Id*. ¶ 2.) All of Ellis' companies are Delaware corporations with their principal places of businesses in Delaware. (*Id*. ¶¶ 3-5.)

In August 2005, Ellis approached Cottrell to market a fall-protection safety design Ellis had developed. (*Id*. ¶ 12.) Prior to engaging in discussions with Ellis, Cottrell asked Ellis whether he was working with any plaintiffs' attorneys adverse to Cottrell. (*Id*. ¶ 14.) Ellis assured Cottrell he was not working with any plaintiffs' attorneys against Cottrell. (*Id*.) Cottrell

advised Ellis that if he consulted with plaintiffs' attorneys, Cottrell would no longer communicate with him. (*Id*.) The parties then executed a confidentiality agreement based upon Ellis' representations. (*Id*. ¶ 16.)

Ellis began to send Cottrell design drawings in or around November 2005, and Ellis continued to send Cottrell letters in an attempt to sell his invention from December 2005 through March 2007. (*Id*. ¶ 17.) After Cottrell expressed concerns about Ellis' design, Ellis sent Cottrell a letter on May 21, 2006, stating that he would send additional information to Cottrell. (*Id*. ¶ 20.) Ellis never sent the additional information. (*Id*. ¶ 21.)

According to the Complaint, from at least July 2006 through July 2007, Ellis engaged in secret communications with Brian Wendler ("Wendler"). (*Id*. ¶ 23.) Wendler is an attorney who has filed lawsuits against Cottrell on behalf of various clients for more than a decade. (*Id*. ¶ 22.) As early as January 2007, Wendler officially retained Ellis as an expert. (*Id*. ¶ 47.) Around the same time Ellis was communicating with Wendler, Ellis was also retained by the Occupational Safety and Health Administration ("OSHA") to support the agency's efforts to enforce administrative citations involving Cottrell's trailers. (*Id*. ¶ 27.) The citations alleged that Cottrell's rigs created an unsafe workplace due to fall safety issues. (*Id.*) Although he had been retained by both Wendler and OSHA in matters adverse to Cottrell and its rigs, Ellis continued his correspondence with Cottrell by sending a letter to Cottrell on or about March 1, 2007. (*Id*. ¶ 29.) Ellis never informed Cottrell of his communications with Wendler or OSHA. (*Id*. ¶¶ 23, 28.)

In July 2007, Wendler disclosed Ellis as an expert witness to testify against Cottrell in *Hancox v. Cottrell* (*id*. ¶ 32.), a case filed in the Western District of Missouri. In August 2010, Ellis testified against Cottrell in a deposition in *Smith v. Cottrell*, a case filed in the Southern

3

District of Illinois, during which Ellis testified that his first communication with Wendler was in 2007. (*Id.* ¶ 34.) But, in April 2011, Ellis produced documents in another case that showed that he had communicated with Wendler as early as July 2006. (*Id*. ¶ 41.)

Subsequently, Ellis was deposed in a case filed in the Northern District of Illinois, *Assaf v. Cottrell*, in May 2011. (*Id.* ¶ 46.) In *Assaf*, plaintiff's counsel provided Cottrell a January 14, 2007, memorandum which stated that Ellis had been hired by Wendler as of that date. (*Id*. ¶ 47.) Ellis was subsequently disqualified as an expert in *Assaf* due to his conflict of interest with Cottrell. (*Id*. ¶ 50.) Defendant now moves to dismiss Plaintiff's claims for improper venue pursuant to Rule 12(b)(3).

## **Legal Standard**

Rule 12(b)(3) provides that a party may move to dismiss an action when it is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of establishing that venue is proper. *Grantham v. Challenge–Cook Bros., Inc*., 420 F.2d 1182, 1184 (7th Cir. 1970) (internal citation omitted). When ruling upon a Rule 12(b)(3) motion to dismiss for improper venue, the Court takes all allegations in the complaint as true, unless contradicted by an affidavit. *Nagel v. ADM Investor Servs., Inc*., 995 F. Supp. 837, 843 (N.D. Ill. 1998). The Court is "not obligated to limit its consideration to the pleadings" when deciding a motion to dismiss under Rule 12(b)(3). *Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). If venue is improper, the Court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

**Discussion**

Venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b). Because the Defendants are citizens of Delaware, § 1391(b)(1) does not apply. Instead, Cottrell claims venue is proper in the Northern District of Illinois under § 1391(b)(2) because a substantial part of the events giving rise to its claims occurred in this District.

Venue can be proper in more than one district as long as "a substantial portion of the activities giving rise to the claim occurred in the particular district." *TruServ Corp., v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998). Cottrell, however, has failed to show that a substantial portion of the activities giving rise to its claims occurred in the Northern District of Illinois. Cottrell brings a host of claims against Defendants, including breach of contract, fraudulent misrepresentation and omissions, negligent misrepresentation, fraud via omission, negligence, unfair practices, and conspiracy. Cottrell alleges that Ellis breached his contract with, and duties to, Cottrell by sharing confidential information with Wendler and OHSA while Ellis was still engaged in communications with Cottrell.

To determine "whether a substantial part of the events or omissions giving rise to a contract claim occurred or did not occur in a particular district, 'the factors that the courts tend to focus on include: where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred.'" *MB Fin. Bank, N.A. v. Walker*, 741 F. Supp. 2d 912, 917 (N.D. Ill. 2010) (internal citation omitted). Cottrell does not allege that its contract with Defendants was negotiated in this District, performed in this District, or breached in this District. Instead, Cottrell admits that "the underlying facts surrounding the Cottrell-Ellis

communications and agreements occurred in Georgia and Delaware." (Pl.'s Resp. Defs.' Mot. Dismiss 18.) Furthermore, the contract was allegedly breached when Ellis communicated and entered into an agreement with Wendler and OSHA while he was simultaneously communicating with Cottrell. Cottrell does not allege that Ellis communicated or entered into an agreement with Wendler or OSHA in this District. Infact, Wendler's office is located in the Southern District of Illinois. (Mot. Dismiss, Ex. L, Pl.'s Initial Disclosure 4.)

Cottrell's other claims against Defendants are based on the same underlying events as its breach of contract claim, all of which occurred outside of this District. For its fraud and negligent misrepresentation claims, Cottrell alleges that "Nigel Ellis represented to Cottrell when he approached Cottrell in 2005 about selling his fall-safety design that he was not working with any plaintiffs' attorneys against Cottrell" (compl. ¶¶ 60, 69) and Ellis failed to disclose his communications with Wendler and OSHA. (Compl. ¶¶ 62-63, 71-72.) Similarly, in its claims for fraud via omission, negligence, and unfair practices, Cottrell asserts that Ellis beached a duty owed to Cottrell by failing to disclose Ellis' retention by Wendler and OSHA. (Compl. ¶¶ 78-79, 83-84, 91, 93, 95.) Finally, Cottrell's civil conspiracy claim is based upon Ellis' alleged communications and agreement with Wendler. (Compl. ¶¶ 101-02.) For these reasons, Cottrell's remaining claims are also premised on the alleged fact that Ellis communicated with and was retained by Wendler and OSHA and failed to disclose these facts to Cottrell. Because the events that gave rise to Cottrell's claims occurred outside of this District, Cottrell has failed to establish that venue is proper in this District.

Cottrell in response argues that venue is proper in the Northern District of Illinois because: (1) Ellis marketed himself to attorneys in this District; (2) Ellis agreed to be an expert witness in this District; (2) Cottrell incurred litigation fees in this District; and (4) Cottrell

6

discovered Ellis' scheme in this District. (Pl.'s Resp. Defs.' Mot. Dismiss 11-12.) As explained above, Cottrell's claims are not based upon Ellis marketing himself to attorneys or agreeing to be an expert witness in this District. Instead, Cottrell's claims are based on its contract with Ellis and Ellis' alleged breach of that contract and other duties owed to Cottrell by entering into agreements with parties adverse to Cottrell, events that occurred outside of this District. Indeed, in the prior lawsuit that Cottrell filed in the Southern District of Illinois, which was based upon the same underlying facts as those asserted here, Cottrell admitted that "none of the underlying conduct forming the elements of Cottrell's claims against Ellis occurred in Illinois." (Pl.'s Resp. Defs.' Mot. Dismiss 17, Ex. D to Defs.' Mot. Dismiss.)

Additionally, although Cottrell seeks payment for expenses it incurred during the *Assaf* litigation that was litigated in this District, these expenses do not form a substantial basis for Cottrell's claims. In total, Cottrell alleges it suffered more than 1 million dollars in damages due to wrongly incurred expert fees, depositions fees, and damages to its business reputation. (Compl. ¶ 58.) The claims that give rise to these damages all are predicated upon alleged acts that took place prior to the *Assaf* litigation and outside of this District. The mere fact that a small portion of its claimed damages consists of fees that Cottrell incurred in the *Assaf* litigation, in and of itself, is not sufficient to confer venue in this District.

Finally, the Court finds no basis to support Cottrell's contention that venue is proper in this District because it discovered the extent of Ellis' relationship with Wendler in the *Assaf* litigation. As noted, the underlying facts giving rise to Cottrell's claims were all external to this District. Although these facts may have come to light in the *Assaf* case, it is the loci of the facts, not the discovery of them, that control. Because Cottrell has failed to establish that a substantial

7

portion of the events or omissions giving rise to its claims occurred in this District, venue is improper here.

## Conclusion

For the reasons herein, the Court grants Defendants' motion to dismiss for improper venue [23].


**SO ORDERED**                              **ENTER: 12/09/13**

                                                                    _____
                                                                    **JOHN Z. LEE**
                                                                    **United States District Judge**